UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLIN WELLS,

        Petitioner,

vs.                              Case No. 2:08-cv-685-FtM-29SPC
                                  Case No. 2:07-cr-18-FtM-29SPC

UNITED STATES OF AMERICA,

        Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Olin Wells' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1)[1] filed on September 5, 2008. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #5) on October 16, 2008. For the reasons set forth below, the motion is denied.

**I.**

On January 17, 2007, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #5) charging petitioner Olin Wells (petitioner or Wells) with possession with intent to distribute five (5) grams or more of cocaine base, crack

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc." and will refer to the underlying criminal case as "Cr. Doc."

cocaine. On June 18, 2007, petitioner waived indictment and consented to the filing of a one-count Information (Cr. Docs. ## 38, 41) charging use or maintenance of a place for the purpose of manufacturing, distributing or using cocaine base, crack cocaine. Pursuant to a Plea Agreement (Cr. Doc. #36), petitioner pled guilty to the Information on June 18, 2007. On October 30, 2007, petitioner was sentenced to one hundred (100) months imprisonment, followed by thirty-six (36) months of supervised release (Cr. Doc. #51). No direct appeal was filed.

Petitioner filed this timely § 2255 motion (Cv. Doc. #1) on September 5, 2008. Read liberally, petitioner's § 2255 Petition sets forth the following claims of ineffective assistance of counsel: (1) Failure to investigate the false charge, as petitioner asserts he was never at the motel doing the drug sales and yet was charged with maintaining drug-involved premises; (2) failure to investigate the search warrant, as petitioner's name was never on the search warrant and therefore he should not have been charged with maintaining the premises because the person whose name was on the warrant is the one in violation of the law; (3) failure to advise petitioner of the actual weight of the drug charged in the Indictment; and (4) failure to identify the confidential informant who made the drug deal with another person, thus forcing petitioner to plead guilty through scare tactics.

## II.

### A.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.

### B.

The record reflects that in October, 2006, several undercover drug transactions took place at Unit 10 of the Budget Inn Motel, 504 East Main Street, Immokalee, Florida. Unit 10 was rented to petitioner Olin Wells, but the government represents that

investigative reports did not reflect that any of the drug transactions involved petitioner or took place while Wells was present at Unit 10. (Cv. Doc. #5, p. 2.) A search warrant was executed at Unit 10 on October 20, 2006, and the Court accepts petitioner's representation that his name was not listed on the search warrant. Petitioner was present at Unit 10 when the search warrant was executed, was cooperative, and gave investigators the location of all evidence seized, including 27.4 grams of cocaine base, crack cocaine.

The Plea Agreements (Cr. Docs. #36, 41) set forth the following factual basis, which was admitted by petitioner:

> On October 20, 2006, Collier County Sheriff's Office (CCSO) Investigator Tim Howell, served a search warrant on 504 East Main Street, unit-10, Immokalee, Florida, with the assistance of the Collier County Sheriff's Office S.W.A.T. team.
>
> Upon arrival, the occupant, Defendant Olin Wells, gave investigators the location of all evidence seized in Unit-10. Investigator Howell located approximately 27.4 grams of crack cocaine in the residence. The Defendant advised he was renting and maintaining Unit 10 for the purpose of manufacturing, distributing, or using the crack cocaine found in the residence. This all occurred in Collier County, in the Middle District of Florida.

(Cr. Doc. #41, pp. 15-16.) At petitioner's guilty plea proceedings, petitioner was placed under oath (Cv. Doc. #8, p. 2) and told the magistrate judge that he agreed with the facts set forth at pages 15 to 16 of the Plea Agreement and that he did not disagree with any of those facts. (Id. at 19.) Petitioner further told the magistrate judge that he rented the room, that he was

"letting some of the guys just use my room to sell crack cocaine," and that he did not use the room himself for that purpose, but knew that the other people were selling crack cocaine out of the room. (Cv. Doc. #8, p. 20.) Petitioner stated that law enforcement officers found crack cocaine in the motel room, and that the lab report confirmed that the crack cocaine amounted to 27.4 grams. (Id. at 20-21.)

### C.

Petitioner suggests that his guilty plea was not voluntary because he was forced to plead guilty through the use of "scare tactics." The record affirmatively refutes such an allegation.

"A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989) (internal quotations and citations omitted). For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. 52, 56 (1985); Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). To be voluntary and knowing: (1) the guilty plea must be free from

coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the district judge not to accept a plea without determining these core concerns. Therefore, on review the Court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988), cert. denied, 490 U.S. 1099 (1989). The transcript of petitioner's change of plea hearing (Cr. Doc. #8) establishes that petitioner's guilty plea satisfied this standard.

**D.**

After a criminal defendant has plead guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003), cert. denied, 540 U.S. 1149 (2004), attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986). Assuming that the issues raised by petitioner may be

pursued after his guilty plea, none has merit for the reasons set forth below.

Counsel was not ineffective in failing to investigate a false charge because the charge was not false. The government and petitioner agree that petitioner was never at the motel making the drug sales. The charge in the Information, unlike the original charge in the Indictment, alleges that petitioner maintained drug-involved premises in violation of 21 U.S.C. § 856(a)(1). Title 21 U.S.C. § 856(a)(1) makes it unlawful to "knowingly maintain or open any place for the purpose of manufacturing, distributing, or using any controlled substance." The government is required to prove that the defendant: (1) knowingly, (2) operated or maintained a place, (3) for the purpose of manufacturing, distributing, or using any controlled substance. United States v. Clavis, 956 F.2d 1079, 1090 (11th Cir. 1992), modified in part on other grounds, 977 F.2d 538 (11th Cir. 1992). Petitioner admitted all of these elements in his guilty plea. This offense does not require that petitioner be present during the drug sales or that he make the drug sales himself.

Additionally, counsel was not ineffective in failing to investigate the search warrant. Even assuming that petitioner's name was never on the search warrant, as petitioner asserts, there is no requirement that a defendant's name must be on the search warrant before that defendant may be charged with maintaining the premises. A search warrant authorizes law enforcement officers to

search a certain location, but there is no requirement that only persons named in the search warrant may be charged with the commission of an offense associated with the premises searched.

There was no ineffective assistance of counsel based upon the actual weight of the drugs seized. Not only is this not an element of the offense to which petitioner pled guilty, but the record reflects that petitioner was advised of the actual weight of the crack cocaine - 27.4 grams (Cr. Doc. #41, p. 15). There is no requirement that the purity of the crack cocaine be set forth in either the Indictment or the Information.

Finally, there was no basis for defense counsel to seek or obtain the identity of the confidential informant who made purchases supporting the issuance of the search warrant. All parties agree that petitioner was not at the motel room at the time of the drug sales, and disclosure would not have been required under the principles set forth in Roviaro v. United States, 353 U.S. 53 (1957).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence by a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of July, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Olin Wells